IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| V. | §  CRIMINAL NO. A-09-CR-542 LY |
| | § |
| FELIPE CASTRO | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on March 21, 2011, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On November 4, 2008, Judge Joseph Hood of the Southern District of Texas sentenced the Defendant to a 21 month term of imprisonment, followed by three years of supervised release, for transporting undocumented aliens for financial gain, in violation of 8 U.S.C. § 1324. Approximately one year after sentencing, when the Defendant began testing positive for the use of marijuana, jurisdiction was transferred to this district, and the case was assigned to Judge Yeakel.

The undersigned held a hearing on this case on November 9, 2009, pursuant to the Government's petition seeking to revoke the Defendant's term of supervised release as a result of

his marijuana use. After a hearing, the undersigned recommended that the Defendant be continued on supervision, but that his conditions be modified to require a four month period of home confinement with electronic monitoring. Judge Yeakel adopted this recommendation, and the Defendant successfully completed his home confinement a little more than a year ago, in early March 2010. Shortly thereafter, in April 2010, the Defendant submitted another urinalysis specimen which presumptively tested positive for marijuana. When confronted about this, Castro denied usage, and thus the probation officer instructed Castro to wait in the probation office waiting area for the duty officer to take a second specimen. Castro disregarded this instruction, and left the office. He subsequently failed to report to the probation office monthly as required.

Based on the above, the Probation Office submitted its petition on May 4, 2010, and the undersigned authorized the issuance of a warrant on May 14, 2010. The Defendant was not arrested on that warrant until March 8, 2011.

On March 21, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.
2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by (1) leaving the Probation Office after being instructed to remain there; (2) failing to report monthly from April 2010

to the present; (3) testing positive for the use of marijuana; and (4) failing to attend substance abuse counseling sessions beginning in April 2010, and thereafter.

### III.  RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant.  The Defendant was before the undersigned a year ago, and he was allowed to remain on supervision.  Because he was given a second chance at the last hearing and did not take full advantage of that opportunity, revocation is appropriate at this time.  Having considered the above, the Court RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines.  Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to four months of imprisonment, with no supervised release to follow.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of March, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE